J-S07011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PATRICK OKEY | |
| Appellant | No. 1065 MDA 2016 |

Appeal from the Order Entered June 14, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2016-SU-001397-64

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:                **FILED MARCH 07, 2017**

Patrick Okey appeals from the order entered June 14, 2016, denying his petition to proceed *in forma pauperis* ("IFP").  We dismiss this appeal as moot.

The pertinent facts are as follows.  In May 2008, Appellant was charged with two counts of luring a child into a motor vehicle, and one count of stalking, after he approached a minor child on three occasions, and offered her a ride on one of those occasions.  A jury found Appellant guilty of one count each of luring and stalking the child.  Subsequently, he was sentenced to one year less one day to two years less two days incarceration for luring the child, and a concurrent term of three to twelve months incarceration for stalking.  Appellant also became subject to the reporting

requirements of the then-enacted Megan's Law. Appellant appealed, challenging the sufficiency of the evidence against him, and we affirmed. ***Commonwealth v. Okey***, 4 A.3d 185 (Pa.Super. 2010) (unpublished memorandum).

Thereafter, Appellant was released from custody. Appellant failed to register with the Pennsylvania State Police in accordance with his Megan's Law reporting requirements. On January 27, 2011, Appellant was charged with a violation of Megan's Law, and after being found guilty of that offense, he received a sentence of two to four years incarceration. On May 19, 2016, Appellant filed a petition for writ of *habeas corpus* in the civil division of the Court of Common Pleas of York County. Concomitantly, Appellant filed a petition for leave to proceed IFP. On June 14, 2016, the court transferred Appellant's *habeas* petition to the court's criminal division, and for that reason, denied Appellant's IFP petition. Appellant filed this timely appeal. The court did not direct him to file a Rule 1925(b) statement of errors complained of on appeal, however, it authored its own Rule 1925(a) opinion.

While this matter was pending on review, Appellant filed a *habeas* petition and petition to proceed IFP with this Court. By order entered September 2, 2016, we denied those petitions without prejudice, finding that they must be decided in the first instance by the trial court. Thereafter, Appellant re-filed those petitions with the trial court. The trial court granted Appellant's re-filed petition to proceed IFP, thereby rendering this appeal

moot. Appellant's re-filed *habeas* petition was treated as a PCRA petition, and the PCRA court denied Appellant's petition without a hearing. On November 14, 2016, Appellant filed a *pro se* correspondence with the PCRA court, which the court treated as a notice of intent to appeal in its ensuing Rule 1925(a) opinion in this appeal. However, it did not docket it as such.

Although the PCRA matter is not properly before us due to a breakdown in the processes of the court, the errant procedural posture can be rectified without causing prejudice to Appellant or the Commonwealth. We agree with the trial court that Appellant's *pro se* correspondence evinces a clear intent to appeal the denial of PCRA relief. Accordingly, we dismiss this appeal docketed at 1065 MDA 2016 as moot, and direct the trial court to docket Appellant's November 14, 2016 *pro se* correspondence as a timely notice of appeal.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/7/2017</u>